UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEFFREY CROSBY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3162** |
| **WESTCHESTER SURPLUS LINES INSURANCE COMPANY** | **SECTION: "G"** |

### ORDER AND REASONS

Before the Court is Plaintiff Jeffrey Crosby's ("Plaintiff") "Motion to Remand."[1] In the motion, Plaintiff argues that the Court lacks subject matter jurisdiction over this case because there is no diversity of citizenship between Plaintiff and Defendant Westchester Surplus Lines Insurance Company ("Defendant").[2] Defendant opposes the motion.[3] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion.

### I. Background

On September 9, 2020, Plaintiff filed a "Petition for Breach of Contract and Damages" against Defendant in the Civil District Court for the Parish of Orleans, State of Louisiana.[4] In the Petition, Plaintiff alleges that he purchased an insurance policy from Defendant, which provided insurance coverage for a residential property he owns in New Orleans, Louisiana.[5] Plaintiff alleges that in October and November 2019 the property was damaged by a water leak in the sewage

---

[1] Rec. Doc. 7.

[2] Rec. Doc. 7-1.

[3] Rec. Doc. 13.

[4] Rec. Doc. 1-1.

[5] *Id.* at 2.

1

system, resulting in "cracks and separations in the interior finishes and uneven floor surfaces within the building."[6] Plaintiff asserts that he submitted an insurance claim to Defendant but Defendant denied the claim, finding that the damage was not covered by the policy.[7] Following the denial of his claim, Plaintiff filed the instant suit against Defendant in the Civil District Court for the Parish of Orleans.[8]

On November 20, 2020, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332, alleging complete diversity of citizenship and an amount in controversy exceeding $75,000.[9] In the notice of removal, Defendant alleges that there is complete diversity of citizenship in this case because Plaintiff is a natural person domiciled in Louisiana and Defendant is a corporation incorporated in Georgia with its principal place of business in Pennsylvania.[10]

On December 11, 2020, Plaintiff filed the instant motion to remand.[11] On January 4, 2021, Defendant filed an opposition to the motion.[12]

## II. Parties' Arguments

### A. Plaintiff's Arguments in Support of the Motion to Remand

Plaintiff contends that this Court lacks subject matter jurisdiction over the instant case because for purposes of determining jurisdiction Plaintiff and Defendant are both citizens of

---

[6] *Id.*

[7] *Id.* at 2–3.

[8] *Id.* at 3.

[9] Rec. Doc. 1.

[10] *Id.* at 2–3.

[11] Rec. Doc. 7.

[12] Rec. Doc. 13.

Louisiana.[13] Plaintiff concedes that generally under 28 U.S.C. § 1332 a corporation is a citizen of every state in which it is incorporated and the state in which it has its principal place of business.[14] However, Plaintiff argues that there is an exception to this general rule set forth in Section 1332(c)(1), under which an insurance company defendant is to be treated as a citizen of every state of which its insured is a citizen.[15] Plaintiff contends that he is the insured party in the instant case.[16] Therefore, because Plaintiff is a citizen of Louisiana, he asserts that Defendant should also be deemed a citizen of Louisiana for diversity purposes.[17]

B.     *Defendant's Arguments in Opposition to the Motion to Remand*

In opposition, Defendant contends that remand is not warranted because the "direct action" exception found at Section 1332(c)(1) does not apply to the instant action.[18] Defendant argues that the exception does not apply for three reasons: "(1) [Plaintiff]'s first-party suit is not a 'direct action'; (2) [Plaintiff]'s first-party suit does not involve 'liability insurance'; and (3) [Plaintiff]'s first-party suit is a breach-of-contract action, not a tort claim to which the direct-action exception might apply."[19]

First, Defendant argues that the instant action is not a "direct action" suit, a requirement under Section 1332(c)(1).[20] Defendant contends that a direct action is one in which "an injured

---

[13] Rec. Doc. 7-1.

[14] *Id.* at 1.

[15] *Id.*

[16] *Id.* at 2.

[17] *Id.*

[18] Rec. Doc. 13.

[19] *Id.* at 4.

[20] *Id.*

3

third party sues a tortfeasor's insurer directly for the insured's tortious conduct without first obtaining a judgment against the tortfeasor."[21] Defendant argues that, by contrast, Plaintiff in the instant action is simply suing his own insurer—he is not a third party suing a tortfeasor's insurer for the tortfeasor's actions.[22]

Defendant next argues that the direct action exception does not apply because Plaintiff's policy does not constitute liability insurance.[23] Defendant alleges that the exception requires "not only that the suit be a direct action, but also that it be brought 'against the insurer of a policy or contract of *liability insurance*.'"[24] Defendant contends that liability insurance is "an indemnification policy that protects the insured from its liability to third parties."[25] Because the insurance policy at issue covers damages for Plaintiff's benefit alone, Defendant argues, it is not liability insurance and the direct action exception does not apply.[26]

Finally, Defendant claims that the direct action exception does not apply to the instant dispute because Plaintiff's claims do not arise under tort law.[27] Defendant asserts that the exception only applies to tort claims and, accordingly, does not apply in the instant case to Plaintiff's breach of contract claims.[28]

---

[21] *Id.*

[22] *Id.*

[23] *Id.* at 5.

[24] *Id.*

[25] *Id.* (quoting *Medical Research Centers, Inc. v. St. Paul Property & Liability Ins. Co.*, 303 F. Supp. 2d 811, 814 (E.D. La. 2004) (Fallon, J.)).

[26] *Id.* at 6.

[27] *Id.*

[28] *Id.*

4

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[29] Pursuant to 28 U.S.C. § 1332, known as diversity jurisdiction, a district court has subject matter jurisdiction over an action "where the matter in controversy exceeds the sum or value of $75,000" and the action "is between citizens of different states." Complete diversity of the parties, as prescribed by Section 1332, requires that "all persons on one side of the controversy be citizens of different states than all persons on the other side."[30] As the Fifth Circuit has recognized, for the purposes of diversity jurisdiction, citizenship of a natural person is determined by an individual's domicile.[31]

Typically, a corporation is deemed a citizen of each state in which it is incorporated and the state in which it has its principal place of business.[32] There is an exception to this general rule, however, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant."[33] In such an instance, the insurer "shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen."[34]

The removing party bears the burden of demonstrating that federal jurisdiction exists.[35] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in

---

[29] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[30] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotation marks omitted).

[31] *Preston v. Tenent Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 797 (5th Cir. 2007).

[32] 28 U.S.C. § 1332(c)(1).

[33] 28 U.S.C. § 1332(c)(1).

[34] 28 U.S.C. § 1332(c)(1)(A).

[35] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[36]

### IV. Analysis

In the notice of removal, Defendant alleges that there is complete diversity of citizenship in this case because Plaintiff is a natural person domiciled in Louisiana and Defendant is a corporation incorporated in Georgia with its principal place of business in Pennsylvania.[37] In the motion to remand, Plaintiff argues that under the direct action exception Defendant should be deemed a citizen of Louisiana for diversity purposes.[38] In opposition, Defendant asserts that the direct action exception does not apply to this case.[39]

Section 1332(c)(1) restricts diversity jurisdiction where a plaintiff directly sues the insurer of a tortfeasor without joining the tortfeasor himself as a defendant.[40] In such cases, the insurer's citizenship will be that of the tortfeasor for purposes of determining diversity of citizenship. Congress enacted the provision following the implementation of certain state laws that provided plaintiffs with a cause of action to sue an insurer of a tortfeasor directly without also suing the tortfeasor.[41] These state laws led to an influx of cases in federal courts as plaintiffs—injured by tortfeasors who were citizens of the same state—were able to establish diversity of citizenship by suing the tortfeasor's insurance company instead of the tortfeasor.[42] With the enactment of the

---

[36] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[37] Rec. Doc. 1-1 at 2–3.

[38] Rec. Doc. 7-1.

[39] Rec. Doc. 13.

[40] *Northbrook Nat. Ins. Co. v. Brewer*, 493 U.S. 6, 10 (1989).

[41] *Id.*

[42] *Id.*

direct action exception, Congress "eliminate[d] under the diversity jurisdiction of the U.S. district courts, suits on certain tort claims in which both parties are local residents, but which, under a State 'direct action' statute, may be brought directly against a foreign insurance carrier without joining the local tort-feasor as a defendant."[43] Through the exception, Congress "remove[d] all direct actions from the diversity jurisdiction," mandating instead that, in such cases, an insurer takes the citizenship of the tortfeasor.[44]

This provision "applies only to a direct action against the insurer."[45] The Fifth Circuit has made clear, however, that "the fact that an insurer is a 'direct' party does not make the litigation a 'direct action.'"[46] Actions "by an insured against his own carrier to resolve coverage issues" or "brought by the carrier itself to resolve coverage or other issues" are outside the purview of Section 1332(c)(1).[47]

Section 1332(c)(1) is inapplicable to the instant case. Plaintiff is suing his own insurance company for breach of contract, he is not suing the insurance company of a third-party tortfeasor under Louisiana's direct action statute. Plaintiff is a natural person domiciled in Louisiana and Defendant is a corporation incorporated in Georgia with its principal place of business in Pennsylvania.[48] Additionally, the amount in controversy clearly exceeds $75,000 as Plaintiff made

---

[43] *Id.* (quoting S.Rep. No. 1308, 88th Cong., 2d Sess., 4 (1964)).

[44] *Hernandez v. Travelers Ins. Co.*, 489 F.2d 721, 723 (5th Cir. 1974).

[45] *Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1188 (5th Cir. 1988) (internal quotation marks omitted).

[46] *Id.*

[47] *Id.*

[48] Rec. Doc. 1 at 2–3.

a pre-removal settlement demand to Defendant in the amount of $114,000.[49] Accordingly, this Court has subject matter jurisdiction over this case.

### V. Conclusion

For the reasons discussed above, the Court has subject matter jurisdiction over this action. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Jeffrey Crosby's "Motion to Remand"[50] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 18th day of February, 2021.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[49] *Id.* at 4. *See Wilson v. Belin*, 20 F.3d 644, 651 n. 8 (5th Cir. 1994) ("Because the record contains a letter, which plaintiff's counsel sent to defendants stating that the amount in controversy exceeded $50,000, it is 'apparent' that removal was proper").

[50] Rec. Doc. 7.